MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
LEONEL  ALMONTE  TELLO, *individually*
*and on behalf of others similarly situated,*

                               *Plaintiff*,

          -against-

74 FIFTH AVE MARKET, CORP.  (d/b/a
VALENT & COOK, f/d/b/a YOUR WAY
CAFE), VALENT & COOK AT 57 STREET
CORP.  (d/b/a VALENT & COOK), and
BYUNG LIM (a.k.a. BRUCE LIM) ,

                           *Defendants.*

----------------------------------------------------------X

                        **COMPLAINT**

     **COLLECTIVE ACTION UNDER**
       **29 U.S.C. § 216(b)**

          **ECF Case**

      Plaintiff Leonel  Almonte  Tello ("Plaintiff Almonte " or "Mr. Almonte "), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon his knowledge and belief, and as against 74 Fifth Ave Market, Corp. (d/b/a

Valent & Cook, f/d/b/a Your Way Cafe) and Valent & Cook at 57 Street Corp. (d/b/a Valent &

Cook), ("Defendant Corporations") and Byung Lim (a.k.a. Bruce Lim), ("Individual Defendant"),

(collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

     1.    Plaintiff Almonte  is a former employee of Defendants 74 Fifth Ave Market, Corp.

(d/b/a Valent & Cook, f/d/b/a Your Way Cafe), Valent & Cook at 57 Street Corp. (d/b/a Valent &

Cook), and Byung Lim (a.k.a. Bruce Lim).

     2.     Defendants own, operate, or control a deli, located at 74 5th Ave, New York, New

York 10011-8005 under the name "Valent & Cook."

3.      Upon information and belief, individual Defendant Byung Lim (a.k.a. Bruce Lim), serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the deli as a joint or unified enterprise.

4.      Plaintiff Almonte was an employee of Defendants.

5.      Plaintiff Almonte was employed as a salad preparer at the deli located at 74 5th Ave. New York, NY 10011-8005.

6.      At all times relevant to this Complaint, Plaintiff Almonte worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hour's compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Almonte appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Almonte the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Furthermore, Defendants repeatedly failed to pay Plaintiff Almonte wages on a timely basis.

10.     Defendants' conduct extended beyond Plaintiff Almonte to all other similarly situated employees.

11.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Almonte  and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

12.     Plaintiff Almonte now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York

Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiff Almonte seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Almonte's state law claims under 28 U.S.C. § 1367(a).

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district.  Further, Plaintiff Almonte was employed by Defendants in this district.

## PARTIES
*Plaintiff*

16.     Plaintiff Leonel Almonte Tello ("Plaintiff Almonte" or "Mr. Almonte") is an adult individual residing in Bronx County, New York.

17.     Plaintiff Almonte was employed by Defendants at Valent & Cook from approximately March 2013 until on or about December 7, 2017.

18.     Plaintiff Almonte consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.     At all relevant times, Defendants owned, operated, or controlled a deli, located at 74 5th Ave, New York, New York 10011-8005 under the name "Valent & Cook."

20.     Upon information and belief, 74 Fifth Ave Market, Corp. (d/b/a Valent & Cook, f/d/b/a Your Way Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 74 5th Ave. New York, NY 10011-8005.

21.     Upon information and belief, Valent & Cook at 57 Street Corp. (d/b/a Valent & Cook) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 74 5th Ave. New York, NY 10011-8005 and its process address at 120 East 57th Street, New York, New York 10022.

22.     Defendant Byung Lim (a.k.a. Bruce Lim) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Byung Lim (a.k.a. Bruce Lim) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Byung Lim (a.k.a. Bruce Lim) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Almonte, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

### FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operate a deli located in the Greenwich Village section of Manhattan in New York City.

24.     Individual Defendant, Byung Lim (a.k.a. Bruce Lim), possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Almonte's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Almonte, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Almonte (and all similarly situated employees) and are Plaintiff Almonte's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Almonte and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendant, Byung Lim (a.k.a. Bruce Lim) operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

      a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

      b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

      c)  transferring assets and debts freely as between all Defendants,

      d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

      e)  operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

      f)  intermingling assets and debts of his own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Almonte's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Almonte, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Almonte's services.

31.     In each year from 2013 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

### *Individual Plaintiff*

33.     Plaintiff Almonte is a former employee of Defendants who was employed as a salad preparer.

34.     Plaintiff Almonte seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### *Plaintiff Leonel Almonte Tello*

35.     Plaintiff Almonte was employed by Defendants from approximately March 2013 until on or about December 7, 2017.

36.     Defendants employed Plaintiff Almonte as a salad preparer.

37.     Plaintiff Almonte regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.     Plaintiff Almonte's work duties required neither discretion nor independent judgment.

39.     Throughout his employment with Defendants, Plaintiff Almonte regularly worked in excess of 40 hours per week.

40.     From approximately March 2013 until on or about December 2016, Plaintiff Almonte worked as a salad preparer from approximately 6:00 a.m. until on or about 4:00 p.m. to 4:30 p.m., Mondays through Fridays and from approximately 9:00 a.m. until on or about 5:30 p.m. or 7:30 p.m., Saturdays (typically 58.5 to 63 hours per week).

41.     From approximately January 2017 until on or about December 7, 2017, Plaintiff Almonte  worked as a salad preparer from approximately 6:00 a.m. until on or about 2:30 p.m., Mondays through Fridays (typically 42.5 hours per week).

42.     Throughout his employment, Defendants paid Plaintiff Almonte his wages in cash.

43.     From approximately March 2013 until on or about December 2016, Defendants paid Plaintiff Almonte $10.00 per hour.

44.     From approximately January 2017 until on or about December 7, 2017, Defendants paid Plaintiff Almonte $11.00 per hour.

45.     Plaintiff Almonte's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

46.     For example, prior to January 2017, Defendants required Plaintiff Almonte to work an additional 1 hour and 30 minutes past his scheduled departure one day a week, and did not pay him for the additional time he worked.

47.     Although Plaintiff Almonte was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Almonte was not compensated for all of the hours that he worked.

48.     Defendants required Plaintiff Almonte to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

49.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Almonte regarding overtime and wages under the FLSA and NYLL.

50.     Defendants did not provide Plaintiff Almonte an accurate statement of wages, as required by NYLL 195(3).

51.     In fact, Defendants adjusted Plaintiff Almonte's paystubs that reflected inaccurate wages and hours worked.

52.     Defendants did not give any notice to Plaintiff Almonte, in English and in Spanish (Plaintiff Almonte's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53.     Defendants required Plaintiff Almonte to purchase "tools of the trade" with his own funds—including eleven pair of shoes and ten pants.

*Defendants' General Employment Practices*

54.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Almonte (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

55.     Plaintiff Almonte was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56.     Defendants habitually required Plaintiff Almonte to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

57.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Almonte worked.

58.     Defendants required Plaintiff Almonte to sign a document the contents of which he was not allowed to review in order to release his wages

59.     Defendants required Plaintiff Almonte to sign a document that reflected inaccurate or false hours worked.

60.     Plaintiff Almonte was paid his wages in cash.

61.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Almonte (and similarly situated individuals) worked, and to avoid paying Plaintiff Almonte properly for his full hours worked.

63.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Almonte and other similarly situated former workers.

65.     Defendants failed to provide Plaintiff  Almonte  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66.     Defendants failed to provide Plaintiff Almonte  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address

if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

<strong><u>FLSA COLLECTIVE ACTION CLAIMS</u></strong>

67.     Plaintiff Almonte brings his FLSA overtime compensation and liquidated damages

claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by

Defendants or any of them, on or after the date that is three years before the filing of the complaint

in this case (the "FLSA Class Period").

68.     At all relevant times, Plaintiff Almonte  and other members of the FLSA Class were

similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required overtime pay at a one and

one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and

willfully failing to keep records required by the FLSA.

69.     The claims of Plaintiff Almonte stated herein are similar to those of the other

employees.

<strong><u>FIRST CAUSE OF ACTION</u><br/>VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA</strong>

70.     Plaintiff Almonte repeats and realleges all paragraphs above as though fully set forth

herein.

71.     At all times relevant to this action, Defendants were Plaintiff Almonte's  employers

(and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Almonte (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

72.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Almonte (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75.     Defendants' failure to pay Plaintiff Almonte (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76.     Plaintiff Almonte (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS**
**OF THE NEW YORK STATE LABOR LAW**

77.      Plaintiff Almonte repeats and realleges all paragraphs above as though fully set forth herein.

78.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Almonte  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79.     Defendants' failure to pay Plaintiff Almonte overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

80.     Plaintiff Almonte was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR)

81.      Plaintiff Almonte repeats and realleges all paragraphs above as though fully set forth herein.

82.     Defendants failed to pay Plaintiff Almonte   one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Almonte's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

83.     Defendants' failure to pay Plaintiff Almonte  an additional hour's pay for each day Plaintiff Almonte's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

84.     Plaintiff Almonte was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW)

85.      Plaintiff Almonte repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants failed to provide Plaintiff Almonte  with a written notice, in English and in Spanish (Plaintiff Almonte's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

87.     Defendants are liable to Plaintiff Almonte in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW)

88.     Plaintiff Almonte repeats and realleges all paragraphs above as though fully set forth herein.

89.     With each payment of wages, Defendants failed to provide Plaintiff Almonte  with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

90.     Defendants are liable to Plaintiff Almonte in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
## (RECOVERY OF EQUIPMENT COSTS)

91.     Plaintiff Almonte repeats and realleges all paragraphs above as though fully set forth herein.

92.     Defendants required Plaintiff Almonte to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

93.     Plaintiff Almonte was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE TIMELY PAYMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

94.     Plaintiff Almonte repeats and realleges all paragraphs above as though set forth fully herein.

95.     Defendants did not pay Plaintiff Almonte on a regular weekly basis, in violation of NYLL §191.

96.     Defendants are liable to Plaintiff Almonte in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Almonte respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Almonte  and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Almonte's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Almonte  and the FLSA Class members;

(e)     Awarding Plaintiff Almonte  and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Almonte  and the FLSA Class members liquidated damages in

an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Almonte;

(h)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Almonte;

(i)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Almonte;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Almonte's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Awarding Plaintiff Almonte damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l)     Awarding Plaintiff Almonte damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Almonte liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiff Almonte and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Almonte and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Almonte demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       January 10, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 8, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:    Leonel Almonte Tello

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:    8 de Diciembre

*Certified as a minority-owned business in the State of New York*