**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:___ 5/17/2021 ___

LEONEL ALMONTE TELLO,

                                        **Plaintiff,**                                        **18-CV-00210 (RA) (SN)**

                        -against-                                **SCHEDULING ORDER**
                                                                **FOR DAMAGES INQUEST**

74 FIFTH AVE. MARKET, CORP., et al.,

                                        **Defendants.**

-------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

On April 16, 2019, the Honorable Ronnie Abrams referred this case to my docket to conduct an inquest after default and to report and recommend concerning Plaintiff's damages as to the defaulting Defendants 74 Fifth Ave. Market, Corp., and Valent & Cook at 57 Street, Corp. It is now ORDERED that:

1.      No later than 30 days after entry of this Order, Plaintiff shall file Proposed Findings of Fact and Conclusions of Law describing all claimed damages and any other monetary relief. Plaintiff should file this document, along with any accompanying exhibits and affidavits, to ECF under "Civil Events/Other Filings/Trial Documents." Plaintiff shall serve a complete copy of his filing and a copy of this Order by mail to the Defendants' last known addresses.

2.      Plaintiff shall support his Findings of Fact and Conclusions of Law with affidavits and other documentary evidence. Each proposed finding of fact shall cite the evidence provided.

3.     The defaulting Defendants shall file responses, if any, no later than 30 days after service. They shall respond to each Finding of Fact and Conclusion of Law asserted by Plaintiff. Defendants may also submit Counter Findings of Fact and Conclusions of Law. Defendants shall support each finding of fact (in both their responses to Plaintiff's filing, as well as in their own Counter-Statement) with affidavits or other documentary evidence. Each proposed finding of fact shall cite the evidence provided.

4.     The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. See Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991); Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989). Any party seeking an evidentiary hearing on damages must set forth reasons why the inquest should not be based upon the written submissions alone and include a description of what witnesses would be called to testify and the nature of the evidence that would be submitted.

5.     A courtesy copy of any document filed with the Court shall be sent or delivered to the Court as required by the Individual Practices of Judge Netburn, paragraph III(b).

In addition, Judge Abrams referred the Plaintiff and non-defaulting Defendant, Byung Lim, to my docket for a settlement conference. As soon as possible, the parties should contact Courtroom Deputy Rachel Slusher, rachel_slusher@nysd.uscourts.gov, with three mutually convenient dates on which to conduct a settlement conference.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     May 17, 2021
           New York, New York