# CSM Legal, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620
catalina@csm-legal.com

March 29, 2022

**BY ECF**
Honorable Sarah Netburn
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:  Almonte Tello et al v. 74 Fifth Ave Market, Corp. et al
  1:18-cv-00210-RA-SN

Your Honor:

This office represents Plaintiff in the above referenced matter. Plaintiff writes jointly with pro se Defendant Byung Lim to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

Plaintiff has agreed to settle all of his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

1. **Background**

Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiff contends that he was employed by Defendants' deli located at 74 5th Ave., New York, NY 10011-8005 under the name "Valent & Cook." Plaintiff reports working long hours in excess of 40 hours a week without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sums.

### 2. Settlement Terms

Plaintiff alleges that he is collectively entitled to a total of $21,423.75 in unpaid overtime and minimum wage damages. Attached as Exhibit B is a chart breaking down Plaintiff's total damages.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions.  Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Defendants produced records which purport to show the number of hours Plaintiff worked and the wages he did receive, which conflict with Plaintiff's recollection. Considering the prospect of protracted litigation and an uncertain result, Plaintiff and his counsel assert that this resolution achieves an an excellent result, is fair and reasonable, and should be approved by the Court.. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with Plaintiff's retainer agreement with this firm, Plaintiff's counsel will receive $1,217.34 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement.

Plaintiff's counsel's lodestar in this case is $12,259.00 and Plaintiff's costs are $576.00.  A copy of Plaintiff's billing record is attached as "Exhibit C."  The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar

multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

i. Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

ii. I, Catalina Sojo ("CS"), graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. I received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, I focused my practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. I have started a new firm called CSM Legal, P.C. and hold the position of Managing Partner. My work is billed at a rate of $350 per hour.

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf, and order is entered to that effect.

Page 4

    iii.    Gennadiy Naydenskiy ("GN") was an associate of Michael Faillace and Associates, P.C. Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School and was admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. His regular billing rate was $350 per hour.

    iv.    Sara Isaacson ("SI") was an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. When she worked at Michael Faillace & Associates, P.C. in May 2017, she was responsible for all aspects of the firm's employment docket in federal court. Her regular billing rate was $300 per hour.

    v.    Jacob Jaffe ("JF"), graduated with a J.D. from Benjamin N. Cardozo School of Law, and was formerly an associate at CSM Legal, P.C. We are requesting an hourly rate of $300.00 for his work on this action while he was under the employ of CSM Legal. Jacob has been practicing law since 2018. Prior to joining CSM Legal P.C., Jacob's practice focused on both defense and plaintiff side personal injury litigation. The hourly rate compares favorably with rates that courts have approved for associates of comparable experience levels.

    vi.    Work performed by paralegals are billed at the rate of $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Catalina Sojo
Catalina Sojo
CSM LEGAL
Attorneys for the Plaintiff

Page 5

cc: All Counsel (via ECF)